## MARILLA CHAMBERLIN *vs.* ASHER CHAMBERLIN.

A creditor of an intestate is a competent witness to prove his debt in support of a petition by the administrator for leave to sell real estate of his intestate for payment of debts.

The averment by an administrator, in a petition for leave to sell real estate of his intestate for payment of debts, that a certain debt is due, and his oral admission of that fact, cannot be considered as evidence to establish the same, in a hearing on the petition.

PETITION by the administratrix of Wright Chamberlin, deceased, for leave to sell his real estate, for payment of debts and charges of administration.

At the trial in this court, before *Chapman*, J., the only question was, whether the account of William H. Clark, the particulars of which were annexed to the papers, was due from the estate. Clark was offered as a witness to prove the account, and excluded by the court. The petitioner contended that, having herself, as administratrix, admitted the debt in question as just and due from the estate, and having so represented and admitted at the court below, and at the trial in this court, the estate not being insolvent, such admission and representation were sufficient to establish the indebtedness, or, at least, were sufficient evidence, in the absence of fraud or collusion, to throw the burden upon the respondent to show cause why the petition should should not be granted. But the judge ruled otherwise.

Upon the whole evidence, the residue of which became immaterial by the opinion of the court, the judge directed the jury to find for the respondent, which they did; and the case was reported for the determination of the whole court.

*I. F. Redfield & J. G. Abbott,* for the petitioner.

*S. J. Thomas & A. A. Ranney,* for the respondent.

BIGELOW, C. J.   The exclusion of the witness Clark was erroneous.   He cannot be regarded as being in any proper sense a party to this proceeding.   The administratrix on the one hand, who asks for leave to sell the real estate of her intestate, and his heirs at law on the other, in whom the legal title to his real estate is vested, subject to the right of the administratrix to appropriate it to the payment of the debts of the deceased, constitute the real and only parties to the record.   It is true that a creditor has an interest in the subject matter of the suit, but it is of the same nature as that which he might have in any suit prosecuted by the administratrix, by which assets may be obtained with which to pay the sum due to him from the deceased.   An interest in the subject matter of a suit, or in the judgment which may be the result of successfully prosecuting it, does not in a legal sense make a person a party to the proceeding.   This being so, it follows that the provision in Gen. Sts. *c.* 131, § 14, by which parties in civil actions and proceedings are declared to be competent witnesses, has no application to the present case.   The sole purpose of that provision was to repeal the rule of the common law, by which parties to the record were rendered incompetent witnesses.   It declared and established the general rule that parties should be admitted to testify in their own behalf.   To this rule it annexed the exception, among others, in the form of a proviso, that, when one of the original parties to the contract or cause of action in issue and on trial is dead, the other party shall not be admitted to testify in his own favor.   What party ?   Clearly the party to the record, who was living, and who, but for this exception, would be a competent witness under the general rule declared by the previous part of the same section.   The exception was intended to apply only to cases where one of the parties to a contract or cause of action has died, and the other party to it is living and is also a party to the record.   Its sole design was to exclude the testimony of such party.   Beyond this, it has no application.   In the cases which have arisen under this proviso

the party excluded was not only a party to the cause of action or contract in issue and on trial, but was also a party to the record. *Little* v. *Little*, 13 Gray, 264. *Smith* v. *Smith*, 1 Allen, 231. *Byrne* v. *McDonald*, Ib. 293. *Hubbard* v. *Chapin*, 2 Allen, 328. The construction for which the respondent contends would give to an exception, which was designed only to limit the application of the general rule declared in a previous clause of the same statute, the force and effect of a substantial and independent enactment, by which not only parties to the record would be excluded in certain cases, but an entirely different class of witnesses would be rendered incompetent. Such an interpretation would not only violate a cardinal rule of construction, by making an exception to a rule embrace a subject not comprehended by the rule itself, but it would also defeat one of the main purposes of the statute, which was to remove existing disabilities of witnesses, and not to enlarge them. The witness whose testimony was excluded, not being a party to the record, was therefore a competent witness, although the other party to the implied contract which the administratrix, in support of her petition, sought to establish, was dead. He had, it is true, a direct interest in the subject matter of the proceeding, but this did not disqualify him from giving testimony in the case. Gen. Sts. *c.* 131, § 13. *Bigelow* v. *Heyer*, 3 Allen, 243.

The admission of the administratrix that the debt for which she asked leave to sell the real estate was due from her intestate was not sufficient to establish a right to the decree which she sought, nor did it throw upon the respondent the burden of showing cause against the allowance of the prayer of her petition. By Gen. Sts. *c.* 102, § 10, it is necessary, in order to procure license to sell real estate for the payment of the debts of a person deceased, that the administratrix should prove the facts set forth in the petition. Among the facts which, by Gen. Sts. *c.* 102, § 3, the administratrix is required to state in the petition is, the amount of debts due from the deceased as nearly as they can be ascertained. The existence of the debt and its amount were therefore to be shown by her, before license to sell the real estate could be obtained. Her statement in her petition, or her

admission of the fact, could not be taken as proof of that which she was bound to establish by evidence. Besides ; her admission, although it might be competent in a suit to which she was a party as against her or the estate which she represented, cannot be received as against the heirs at law to defeat their title to the real estate of their ancestor. This is not a case of a suit between a creditor and the administratrix to recover a debt against the estate. In such case, her admissions might be competent in favor of the creditor. But here the issue is between the administratrix and the heirs at law. Her admission cannot be taken to establish in her favor, as against them, the material fact which is in dispute between the parties in a proceeding, the very object of which is to ascertain and determine whether her statement as to the debt is true or false.

We forbear to express any opinion on the merits of the case, because material testimony was excluded at the trial, which may on another hearing change the aspect of the case.

*New trial granted.*